**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HECTOR MANUEL ANALCO CASTILLO, | Case No. 2:26-cv-00928-APG-BNW |
| Petitioner | **Order (1) Granting Amended Petition for Writ of Habeas Corpus and (2) Denying Respondents' Motion to Dismiss** |
| v. | |
| TODD BLANCHE, et al., | [ECF Nos. 8, 14] |
| Respondents | |

Petitioner Hector Manuel Analco Castillo is a citizen of Mexico and entered the United States in 2006. ECF Nos. 9-1 at 2; 9-2 at 2.  In 2024, he was convicted of driving under the influence (DUI). ECF No. 9-1 at 4.  On January 2, 2026, Castillo was arrested for another DUI, and that case is pending. *Id.* at 3-4.  The next day, Immigration and Customs Enforcement (ICE) detained Castillo. *Id.* at 3.  On March 4, 2026, he appeared pro se for a bond determination hearing. ECF Nos. 9-4 at 2; 10 at 00:09-:21, 00:53-01:24.  The Immigration Judge (IJ) denied Castillo bond because his DUI conviction and pending DUI charge made him a danger to the community. ECF No. 9-4 at 2.  Castillo remains detained at the Nevada Southern Detention Center. ECF No. 8 at 7.

Castillo filed this amended petition for a writ of habeas corpus, seeking his immediate release or a new bond hearing in the alternative.  He raises three violations of the Fifth Amendment as grounds for relief.[1]  First, he contends that the government failed to conduct a bond hearing before he was detained by ICE.  Second, Castillo argues that the IJ abused her discretion by denying him bond after considering only his criminal history.  Finally, Castillo

---

[1] Castillo also raises his first two claims under the Immigration and Nationality Act.

argues that his prolonged detention without a constitutionally adequate bond hearing violates his due process rights.

On May 20, 2026, I ordered the government "to respond to the amended petition (ECF No. 8) by June 1, 2026." ECF No. 12. The government responded by moving to dismiss Castillo's petition, arguing only that he failed to exhaust his administrative remedies before filing his habeas petition. Castillo opposed the motion to dismiss and argued that the merits of his petition warrant relief. The government did not file a reply in support of its motion to dismiss. I grant Castillo's petition, deny the government's motion to dismiss, and order the government to provide him with a new bond hearing.

**I. DISCUSSION**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for

2

remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

### A. I waive Castillo's failure to exhaust administrative remedies.

Exhaustion of administrative remedies for habeas corpus claims is a prudential requirement rather than a jurisdictional one because exhaustion is not explicitly required by statute. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *see Bartolon v. Bondi*, 813 F. Supp. 3d 811, 823-24 (S.D. Ohio 2025) ("No relevant statute commands administrative exhaustion within this context . . . ."); 8 U.S.C. § 1226; 28 U.S.C. § 2241; 8 C.F.R § 236.1. "Exhaustion can be either statutorily or judicially required.  If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004).  In the absence of a statute explicitly requiring exhaustion, I may nonetheless require prudential exhaustion if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quotation omitted).

The *Puga* factors weigh in favor of requiring Castillo to exhaust his claims by filing an appeal to the Board of Immigration Appeals (BIA).  Under the first factor, "an administrative appellate record is not necessary to resolve [] purely legal questions." *Hernandez*, 872 F.3d at 989.  Castillo's first claim that he was deprived of a pre-detention hearing is purely legal, but his second claim that the IJ abused her discretion by denying him bond involves factual questions about his DUI charges. *See Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024) ("[T]he determination whether an alien is 'dangerous' for immigration-detention purposes is a mixed

question of law and fact."). The BIA's expertise and consideration of the dangerousness of DUIs and the discretion afforded IJs counsel in favor of requiring exhaustion.

The second *Puga* factor also supports exhaustion because relaxing the exhaustion requirement for Castillo, who did not file a BIA appeal, would encourage others to seek habeas review if they consider the federal courts to be a more sympathetic forum than the BIA. *See Martinez v. Scott*, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, No. C25-1538 TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025). Contrary to his assertion, Castillo's petition does not raise discrete legal questions such that deciding the issues now will obviate future habeas petitions. *See Hernandez*, 872 F.3d at 989.

Finally, under the third factor, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quotation omitted). "The BIA has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by the petitioner. *Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)). Castillo's argument that this factor weighs against requiring exhaustion because the time for his appeal has passed is unpersuasive because, if that were the case, a petitioner could simply allow the clock for their appeal to run and claim they exhausted administrative remedies.

Because the *Puga* factors support prudential exhaustion, Castillo "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (holding the petitioner's "short cut" of pursuing habeas review of an IJ's bond decision before BIA appeal "was improper").

Castillo argues that waiver of the exhaustion requirement is warranted for three reasons. First, the time for his administrative appeal has passed and is thus unavailable to him. Second, he suffers irreparable harm each day he remains unlawfully detained. Finally, there is a backlog of cases before the BIA, so it is taking over six months to respond to bond appeals. The government does not address waiver in its motion to dismiss.

"[E]ven if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing*, 370 F.3d at 1000). The petitioner bears the burden of demonstrating at least one of these factors applies. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) ("[The petitioner] must show that at least one of the *Laing* factors applies in order to excuse exhaustion.").

The Ninth Circuit has rejected the argument that exhaustion is excused because the time to appeal has passed. *Laing*, 370 F.3d at 998 (holding that "the untimely filing of a petition to review a decision by the BIA does not constitute the exhaustion of judicial remedies"). "To allow a party to hopscotch over judicial review requirements by simply waiting for them to expire would eviscerate the exhaustion doctrine" and would permit noncitizens "to bypass the deadlines and pathways of judicial review prescribed by the INA" and regulations. *Id.* at 999-1000. Thus, the fact that Castillo did not timely appeal does not support waiving prudential exhaustion.

The Ninth Circuit has recognized "the irreparable harms imposed on anyone subject to immigration detention." *Hernandez*, 872 F.3d at 995 ("For example . . . subpar medical and

psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained.").  District courts in the Ninth Circuit have waived prudential exhaustion requirements for noncitizens facing prolonged detention while awaiting administrative appeals. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253-54 (W.D. Wash. 2025) (listing cases); *see also Minango v. Bondi*, No. 2:26-cv-00235-ART-BNW, 2026 WL 1257028, at *2-3 (D. Nev. May 6, 2026).  Typically, I do not waive exhaustion where the petitioner argues irreparable harm based only on an assumption that their detention is unlawful because that argument would apply to any petitioner who believed an IJ made a legally erroneous ruling at a bond hearing. *See Pleitez Castillo v. Mullin*, No. 2:26-cv-00777-APG-BNW, 2026 WL 1972424, at *7 (D. Nev. July 8, 2026).  However, as explained below, Castillo has put forth undisputed arguments that his bond hearing was inadequate because the IJ incorrectly concluded that BIA precedent foreclosed the availability of bond to Castillo based on his DUI conviction and arrest.  Detention without a constitutionally adequate bond hearing is irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (explaining that the loss of a constitutional right, "for even minimal periods of time, unquestionably constitutes irreparable injury"); *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *3 (W.D. Wash. Nov. 7, 2019).  I therefore conclude that irreparable harm warrants waiving exhaustion for Castillo.

Finally, Castillo argues that administrative appeal is inadequate because BIA bond appeals take over six months to resolve on average.  That argument would apply to all detained petitioners seeking redetermination of their bond ruling, but that does not mean that BIA appeal is adequate or that the harm petitioners face is not irreparable. *Rodriguez*, 779 F. Supp. 3d at 1253 ("[A]lthough some of the effects of detention on [the petitioner] are the same type of harm

any person who is detained may suffer, they are nonetheless irreparable in nature." (simplified)). I do not hold that the protracted nature of BIA appeals always justifies waiving exhaustion but, as discussed below, Castillo shows that he faces an extended period of detention after a constitutionally inadequate bond hearing. Thus, I waive prudential exhaustion and address the merits of Castillo's claims.

**B. I deny the respondents' request to file an additional response to Castillo's petition.**

The government did not respond to the merits of Castillo's habeas petition. It asks that, if I deny its motion to dismiss, it receive "14 days from the issuance of the Court's order to respond to the merits of ECF No. 8 pursuant to Fed. R. Civ. P. 12(a)(4)." ECF No. 14 at 6. Castillo opposes that request, arguing the government's procedural approach "is incompatible with the expedited nature of § 2241 immigration habeas litigation." ECF No. 16 at 3.

I directed the government "to respond to the amended petition (ECF No. 8) by June 1, 2026." ECF No. 12. The government chose to file a motion to dismiss addressing only one issue. It could have addressed the merits of Castillo's petition in its motion to dismiss or filed a response to the petition concurrently with its motion to dismiss. Under 28 U.S.C. § 2243, I have discretion to schedule a time to file a habeas response. *Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985). Federal Rule of Civil Procedure 12 does not require that I permit the government to file an additional response, nor does it supersede my direction to the government to respond by June 1. *See* Fed. R. Civ. P. 12(a)(4) ("[u]nless the court sets a different time, serving a motion under this rule . . . .").

Additionally, piecemeal litigation is contrary to the statutory directive that habeas petitions be resolved promptly. 28 U.S.C. § 2243 ("A court . . . entertaining an application for a

writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted . . . ."); *see also Fay v. Noia*, 372 U.S. 391, 400 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977) (explaining that habeas is meant to provide a "swift and imperative remedy" (quotation omitted)); *In re Habeas Corpus Cases*, 216 F.R.D. 52, 53 (E.D.N.Y. 2003) ("Undue delay in the disposition of habeas corpus cases is unacceptable."); *Diaz v. Bondi*, No. 2:26-cv-00310-MMD-MDC, 2026 WL 776803, at *1 (D. Nev. Mar. 19, 2026) ("Having exercised their discretion to arrest and detain [the petitioner], Respondents bear the corresponding obligation to litigate challenges to that custody promptly." (quotation omitted)).  I therefore deny the government's request for additional time to respond to Castillo's petition.

**C.  I order the government to provide Castillo with a constitutionally adequate bond hearing.**

Because the government offers nothing to rebut the merits of Castillo's petition, I grant his petition and order the government to provide him a constitutionally adequate bond hearing. Castillo requests that I release him, but his claims are remedied if he is provided a proper bond hearing, and thus justice does not require his release. *See Brown*, 596 U.S. at 134 (explaining that district courts have equitable discretion in granting habeas relief).

Castillo claims his bond hearing was inadequate because the IJ erroneously concluded that she could not grant Castillo bond in light of BIA precedent.  I review an IJ's determination of dangerousness for abuse of discretion. *Martinez*, 124 F.4th at 784.  Under an abuse of discretion standard, I "cannot reweigh evidence, but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785 (simplified).  "Abuse of discretion review is limited to whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence."

*Restrepo v. Noem*, No. 2:26-cv-01735-AJR, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026) (quotation omitted).

BIA precedent provides nine factors that an IJ may weigh "[t]o determine whether an alien is a danger to the community." *Martinez*, 124 F.4th at 783. The nine factors an IJ "may" consider "include any or all of the following:"

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). An IJ has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id.* at 783-84. "[T]he *Guerra* factor most pertinent to assessing dangerousness is the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Id.* at 783 (quotation omitted). The IJ need not "discuss each piece of evidence submitted." *Id.* at 785 (quotation omitted). However, if the decision maker "fails to mention highly probative or potentially dispositive evidence," I do not credit a "catchall phrase to the contrary." *Id.* (simplified).

The IJ concluded that "the immigration appeals courts, as well as other federal courts, have made clear that driving under the influence is to be considered a dangerous offense, especially where somebody has more than one" and that "if [she] were to grant [Castillo] a bond [] the appeals court would just tell [her] that [she] was wrong." ECF No. 10 at 06:57-07:12, 11:31-:35. The IJ did not identify the precedent she relied on to conclude that Castillo's criminal

9

history warrants a dangerousness finding.  Nor did she explain whether Castillo's pending DUI charge was sufficient to find Castillo especially dangerous because he had "more than one" DUI offense even though he had only one DUI conviction. *Id.* at 06:57-07:12.  She also did not note who bore the burden of proof at the bond hearing.

Castillo disputes that BIA precedent "mandate[s] that a prior DUI history requires a dangerousness finding." ECF No. 8 at 11.  Therefore, he asserts that the IJ erred by concluding she had no choice but to deny him bond and abused her discretion by not considering relevant factors, including that both DUI charges were misdemeanors and one was only an accusation. Castillo also contends the IJ should have considered that he had a stable address, had lived in the United States for 20 years, and had strong family ties.  The government does not dispute Castillo's contentions or otherwise defend the IJ's decision because it did not respond to Castillo's argument on this issue.  It therefore consents to me issuing relief on this ground. *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (holding that arguments not raised are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed allegations in a habeas petition "must be taken as true").  I therefore order a new hearing in which the IJ considers these facts.

**II.  CONCLUSION**

I THEREFORE ORDER that petitioner Hector Manuel Analco Castillo's amended petition for writ of habeas corpus **(ECF No. 8) is GRANTED**.

I FURTHER ORDER that the respondents' motion to dismiss **(ECF No. 14) is DENIED**.

I FURTHER ORDER that the respondents must provide Hector Manuel Analco Castillo with a new individualized bond hearing by **July 24, 2026** at which the immigration judge must

consider all relevant factors in determining whether he is a danger to the community or a flight risk.

I FURTHER ORDER that if the respondents Castillo do not provide a bond hearing by July 24, 2026, they must release him from detention by 5:00 p.m. PDT on July 27, 2026.

I FURTHER ORDER the clerk of court to close this case.

DATED this 17th day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE